
Pro Se 14 (Rev. 10/16) Complaint for Violation of Civil Rights (Prisoner)

FILED
2017 FEB -3 A 9: 37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF ALABAMA

John Thomas Miller )
_____ )
*Plaintiff* )
*(Write your full name. No more than one plaintiff may be* )
*named in a complaint.)* )
)
-v- )  Case No.: _____
)  *(to be filled in by the Clerk's Office)*
)
)  CV-17-HA-0180-M
)
Commissioner Jefferson Dunn, (See Attached) )
_____ )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If* )
*the names of all of the defendants cannot fit in the space* )
*above, please write "see attached" in the space and attach* )
*an additional page with the full list of names. Do not include* )
*addresses here. Your complaint may be brought in this court* )
*only if one or more of the named defendants is located* )
*within this district.)* )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-1195.

Page 1 of 14

I. **The Parties to this Complaint**

   A. **The Plaintiff**

   Provide the information below for the plaintiff named in the complaint.

   | | |
   |---|---|
   | Name | John Miller |
   | All other names by which you have been known | |
   | ID Number | 220863 |
   | Current Institution | Morgan County Jail, 119 Lee St. |
   | Address | Decatur, AL 35601 |

   B. **The Defendant**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1

   | | |
   |---|---|
   | Name | See Attachment A- All Defendants Sued in their Offical and Individual Capacity |
   | Job or Title *(if known)* | |
   | Shield Number | |
   | Employer | |
   | Address | St. Clair Correctional Facility, 1000 St. Clair Rd, Springville, AL, 35146 |

   ☒ Individual Capacity     ☒ Official Capacity

   Defendant No. 2

   | | |
   |---|---|
   | Name | |
   | Job or Title *(if known)* | |
   | Shield Number | |
   | Employer | |
   | Address | |

   ☐ Individual Capacity     ☐ Official Capacity

Defendant No. 3
    Name _____
    Job or Title *(if known)* _____
    Shield Number _____
    Employer _____
    Address _____
                    *City*         *State*    *Zip Code*
    ☐ Individual Capacity    ☐ Official Capacity

Defendant No. 4
    Name _____
    Job or Title *(if known)* _____
    Shield Number _____
    Employer _____
    Address _____
                    *City*         *State*    *Zip Code*
    ☐ Individual Capacity    ☐ Official Capacity

**II.**  **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

           ☐    Federal officials (a *Bivens* claim)

           ☒    State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

        Sixth, Eighth, and Fourteenth Amendments to the United States Constitution


C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

<u>Each Defendant was an employee of the Alabama Department of Corrections at the time the offense took place.</u>

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial Detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*: _____

## IV. State of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

My claim arose at St. Clair Correctional Facility on February 1st, 2015

_____

C. What date and approximate time did the events giving rise to your claim(s) occur?

February 1st at approximately 10 PM

_____

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

After I was raped by an inmate at St. Clair Correctional Facility in Springville, Alabama, my assault was never properly investigated. Please see Attachment B for further details.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

Physical, Mental and Psychological Injuries

_____

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Judgment in favor of Plaintiff John Miller and damages against all defendants in an amount sufficient to compensate Plaintiff for the physical harm, stress, and emotional trauma caused by Defendants deliberate indifference and misconduct.

_____

_____

_____

_____

_____
_____
_____
_____
_____

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Don't know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?   N/A

☐ Yes

☐ No

☐ Don't know

If yes, which claims(s)?

_____

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint? N/A

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

_____

2. What did you claim in your grievance?

_____

3. What was the result, if any?

_____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____
_____
_____
_____
_____
_____
_____
_____

F.  If you did not file a grievance:
    1.  If there are any reasons why you did not file a grievance, state them here:
        There is no grievance procedure at St. Clair

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
        In February 2015, I called the PREA hotline and informed Sgt. Gordy, Lt. Northcutt, Captain Malone, and Captain Peters, but nobody responded. See Attachment B.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies:
    After reporting my assault, I notified multiple St. Clair staff members about threats from my assailant on multiple occasions. Please see Attachment B.

    *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☒ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_____
_____
_____

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to "A" is "Yes," describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit:

   Plaintiff(s) Mark Duke, Dale Gilley, James Edwards, Michael Mays, Michael McGregor, John Miller, Frankie Johnson, Allan Williams, Robert Woods

   Defendant(s) Jefferson Dunn, Steve Watson, Greg Lovelace, Grantt Culliver, Cheryl Price, DeWayne Estes, Karen Carter, Cedric Specks, Gary Malone

2. Court *(if federal court, name the district; if state court, name the county and State)*:

   Northern District of Alabama

3. Docket or index number:

   Civil Action No: 4:14-cv-01952-VEH

4. Name of Judge assigned to your case:

   Judge Virginia Emerson Hopkins

5. Approximate date of filing lawsuit:

   October 2014

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition: _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

IX. **Certification and Closing**

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff: John Thomas Miller
Prison Identification Number: 226563
Prison Address: 119 Lee ST JE

Decatur / AL / 35601
City / State / Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1-30-17

John Miller
Signature of Plaintiff

I declare under penalty of perjury that I deposited the foregoing in the prison mail system on January 30, 2017

John Miller
Signature of Plaintiff

Rickey Pinne
Signature of Witness

# Attachment A

## I(B). The Defendant

**Defendant No. 1:**
Name: Jefferson Dunn
Job or Title: Commissioner
Shield Number:
Employer: Alabama Department of Corrections
Address:

**Defendant No. 2:**
Name: Eric Evans
Job or Title: Warden
Shield Number:
Employer: Alabama Department of Corrections
Address:

**Defendant No. 3:**
Name: Angelia Gordy
Job or Title: Lieutenant
Shield Number:
Employer: Alabama Department of Corrections
Address:

**Defendant No. 4:**
Name: Jonathan Truitt
Job or Title: Correctional Officer
Shield Number:
Employer: Alabama Department of Corrections
Address:

**Defendant No. 5:**
Name: William Northcutt
Job or Title: Lieutenant
Shield Number:
Employer: Alabama Department of Corrections
Address:

**Defendant No. 6:**
Name: Gary Malone
Job or Title: Captain

Shield Number:
Employer: Alabama Department of Corrections
Address:

**Defendant No. 7:**
Name: Kenneth Peters
Job or Title: Captain
Shield Number:
Employer: Alabama Department of Corrections

**Defendant No. 8:**
Name: Karen Carter
Job or Title: Warden
Shield Number:
Employer: Alabama Department of Corrections(Former)

# Attachment B

## IV(D). The Underlying Facts of Claim

My name is John Thomas Miller. On March 27, 2014, I was transferred to St. Clair Correctional Facility to take part in their Therapeutic Community Program. Members of the Therapeutic Community typically reside in H-Dorm with other members of the community; however, St. Clair Officials often house people who are not participating in the program there as well.

While I resided in H-Dorm, St. Clair officers housed upwards of 250 inmates with over 50 inmates double bunked, resulting in an overcrowded dorm. Drug abuse was very common in the H-Dorm. I saw people use narcotics on a daily basis. I also witnessed individuals possessing and using weapons like knives at St. Clair on a regular basis as well.

The dorm was poorly monitored by staff members. There are typically only two guards tasked with providing security for the dorm. When I was attacked, both of these guards were monitoring inmates in the television area and left many areas of the dorm vulnerable. My bed specifically was located in a "blindspot," an area where a security staff member could not see unless they make the effort during their rounds.

On February 1st, 2015, another inmate came to my bed in H-Dorm and placed a knife to my throat. He forced me to lay on my bed and raped my anally with his knife still pressed against my throat. During my assault, the two officers tasked with monitoring H-Dorm were in the television area and did not intervene to stop the assault.

Subsequent to the assault, I called the PREA hotline. For two full days, I heard no response. When a sergeant from PREA finally contacted me, I told her and an investigator what happened. I was never taken to an outside hospital or to a rape crisis center. I briefly spoke to a mental health counselor after my assault, but was subsequently placed into an administrative segregation cell, but never received any information about the results of the investigation.

The man who raped me was later moved to segregation and assigned to the same cell block as me. Our cells were close enough to where I could hear him threaten me on a regular basis. I repeatedly wrote letters to staff members to inform them about the threats and my fear. Specifically, I notified defendants Sergeant Gordy, Lieutenant Northcutt, Captain Malone, and Captain Peters, but no one ever responded to me.