# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| JOHN THOMAS MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00180-VEH |
| | ) | |
| JEFFERSON DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MICHAEL STANLEY TOWNSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00516-VEH |
| | ) | |
| KIM THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM CASEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00563-JEO |
| | ) | |
| KIM THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| ANTHONY ZELLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:17-cv-00564-KOB |
|  | ) |  |
| KIM THOMAS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

| MICHAEL MCGREGOR, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:17-cv-00593-VEH |
|  | ) |  |
| KIM THOMAS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **SCHEDULING ORDER**

These cases, which have been consolidated solely for the purpose of discovery, are before the court on the parties' Joint Motion to Submit Amended Scheduling Plan. The motion has been granted in Case Nos. 4:17-cv-00180-VEH, 4:17-cv-00516-VEH, and 4:17-cv-00593-VEH, and is hereby **GRANTED** in Case No. 4:17-cv-00563-JEO (doc. 36) and Case No. 4:17-cv-00564-KOB (doc. 45).

Based on the parties' amended scheduling plan, the following scheduling order is entered under FED. R. CIV. P. 16(b). This order shall govern further proceedings in each action unless modified for good cause shown.

1. **Pleadings and Parties:** No causes of action, defenses, or parties may be added after 6/29/2018 as to plaintiff and 7/18/2018 as to defendants.

2.  **Dispositive Motions:** All potentially dispositive motions must be filed no later than 10/1/2018.[1]

3.  **Expert Testimony:** Unless modified by stipulation of the parties, the disclosures of expert witnesses--including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert--are due:

    From plaintiff:         by 7/12/2018

    From defendants:        by 8/13/2018

4.  **Discovery limitations and cutoff:**

    (a) Unless modified by stipulation of the parties:

    **Depositions:** Defendants shall, collectively, be entitled to take the deposition of plaintiff, each expert disclosed by plaintiff, each witness in plaintiff's Rule 26(a)(1) disclosures, and five additional deponents. Plaintiff shall be entitled to take the deposition of each defendant, each expert disclosed by any defendant, each witness in defendants' Rule 26(a)(1) disclosures, and five additional deponents.

    **Interrogatories and Requests for Production:** Plaintiff and defendants may serve on each other a Master Set of Interrogatories and Requests for Production with no more than 30 written interrogatories, including subparts, and 25 requests for production, including subparts. Plaintiff may serve an additional 10 individualized interrogatories

---

[1] The parties are directed to refer to the Initial Order entered in this action for specific briefing and submission requirements for dispositive motions.

|  | and 10 individualized requests for production on each defendant. |
|---|---|
| **Requests for Admission:** | The parties shall present a proposal to the court regarding requests for admission by 2/15/2018. |

(b) Unless modified by court order for good cause shown:

|  |  |
|---|---|
| **Supplementation:** | Supplementation of disclosures and discovery under Rule 26(e) is due within a reasonable period of time after discovery of such information, but all such supplementation shall be provided by 8/1/2018. |

**Deadline:** All discovery must be commenced in time to be completed by 8/31/2018.

**Privileged Material:** Pursuant to Fed. R. Evid. 502(b) and (d), the inadvertent disclosure of any privileged communication, information, document, or ESI shall not operate as a waiver of the privilege in this or any other proceeding to the extent the producing party complies with the requirements of Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B).[2]

5. **Additional conference(s):** A pretrial conference will be scheduled in a separate order after the deadline for dispositive motions.

6. **Final lists:** The court will establish deadlines for the exchange and filing of final witness and exhibit lists and objections under Fed. R. Civ. P. 26(a)(3) at the pretrial conference.

7. **Trial:** The parties shall be ready for trial on or after 4/15/2019, to be scheduled by separate order.

---

[2] Before filing a motion regarding a discovery dispute, a party must comply with the discovery dispute resolution procedure outlined in the Initial Order entered in this action. After conferring in person or via telephone pursuant to that procedure, but before a motion regarding a discovery dispute is filed, the parties may request a conference with the undersigned, if they believe a conference may resolve their dispute without resort to a motion.

8. **Other Agreements Incorporated:** The parties' amended planning report memorializes other agreements not reflected here. This order incorporates such agreements to the extent they do not conflict with the express terms of this order.

9. **Other Substantive Orders:** To the extent that this order conflicts with the substantive provisions of any other orders entered in any of the consolidated cases, including any other scheduling orders, the substantive provisions of such other orders shall control.

**DONE** this 30th day of November, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge