# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHN THOMAS MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:17-cv-00180-LCB-JEO** |
| | ) | |
| **JEFFERSON S. DUNN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS[1]

Defendants respectfully submit this brief in support of their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). The Defendants are as follows: Kim Thomas, Jefferson Dunn, Grantt Culliver, Terrance G. McDonnell, Greg Lovelace, Carter Davenport, DeWayne Estes, Karen Carter, Eric Evans, Carl Sanders, Gary Malone, Kenneth Peters, Angelia Gordy, Lt. William Northcutt, Neketris Estelle, Tanya Avery, Phillip Cox, Brittany Stallworth, Jonathan Truitt, Brian Fife, Correctional Officer Hale, Correctional Officer Ingram, Ed Sasser, Arnaldo Mercado, Eric Bascomb, unknown shift commanders, unknown head of inmate control systems, unknown investigators, unknown I&I supervisors and State of Alabama.

---

[1] Defendants base the current motion solely on the statute of limitations but reserve the right to file a later motion on substantive grounds if necessary.

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**I.      Miller's claims are time barred by the two-year statute of** . . . . . . . . 8
**limitations**

**II.     Miller cannot avail himself of the protections of the prison** . . . . . . . 10
**mailbox rule because he was represented by counsel and**
**failed to comply with the rule's requirements**

     1.  <u>Miller was represented by counsel and was a pro se</u> . . . . . . . . . . . . . 11
        <u>litigant in name only</u>

     2.  <u>Miller failed to comply with the prison mailbox rule's</u> . . . . . . . . . . .16
        <u>requirements</u>

**III.    Miller's Amended Complaint is time barred** . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

## INTRODUCTION

This is an action filed February 3, 2017 pursuant to 42 U.S.C. § 1983 for an alleged deprivation of rights of the Plaintiff, John Miller.  Miller alleges that he was assaulted by a fellow inmate at St. Clair Correctional Facility on February 1, 2015 while Miller was serving a twenty-year sentence for Burglary III and Theft II. Defendants contend this lawsuit is barred by the statute of limitations.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  A court presented with such a motion must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.¸* 477 U.S. 242, 248 (1986).  According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation omitted).  The party seeking summary judgment can meet this

burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof." *Id*. at 322-23.

After a party seeking summary judgment satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted). "This standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48 (emphasis in original). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Eleventh Circuit Court of Appeals has held that "[a]ll reasonable inferences arising from the undisputed facts should be made in favor the nonmovant . . . but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

## STATEMENT OF THE FACTS

1.      Plaintiff John Miller was an inmate at St. Clair Correctional Facility ("St. Clair") on February 1, 2015, when he alleges he was attacked and raped at knifepoint by another inmate. (Ex. 1, Pl. Compl. p. 5, Attach. B).

2.    Miller was incarcerated as a result of having previously pled guilty to Burglary III and Theft of Property II in 2003 and was serving a twenty-year sentence. (Ex. 2; Miller Depo. p. 21-23).   Miller was transferred to St. Clair on March 27, 2014, and later transferred to Limestone Correctional Facility on September 25, 2015. (Id. at p. 31).   Miller has had other criminal offenses and disciplinaries while in prison, including two for fighting with other inmates. (Id. at p. 45-52).   At the time of the alleged assault and as a result of his criminal history and prison record, Miller was classified as Security Level 5 and Medium Custody. (Ex. 3; DOC Inmate Movement History for John Miller, p. 1-2).

3.    On February 3, 2017, Miller filed a "Pro Se Complaint" in the United States District Court for the Northern District of Alabama. (Ex. 1, Pl. Compl. p. 1). The filing date of this Complaint was more than two years after the alleged assault. (Id.).   Miller asserted claims against eight representatives of the Alabama Department of Corrections ("DOC") based on an alleged rape on February 1, 2015. (Id. at 5).[2]  Plaintiff filed the initial Complaint pursuant to 42 U.S.C. § 1983 alleging violations of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. at 3).   The envelope received by the clerk's office containing the Complaint was postmarked February 1, 2017, from Birmingham, Alabama. (Ex. 4,

---

[2] Defendants named in the Pro Se Complaint were Commissioner Jefferson Dunn, Warden Eric Evans, Lieutenant Angelia Gordy, Officer Jonathan Truitt, Lieutenant William Northcutt, Captain Gary Malone, Captain Kenneth Peters and Warden Karen Carter.

p. 2).  Miller was not in prison when the Pro Se Complaint was filed but instead, in the Morgan County jail (Ex. 3, p.1) after his parole was revoked in 2016. (Ex. 2, Miller Depo. pp. 31-32).

4.    During his deposition on April 16, 2018, Miller stated that the form used for the Pro Se Complaint was sent to him by someone at the law firm, Equal Justice Initiative ("EJI"). (Ex. 2, Miller Depo. pp. 114-116; see also Ex. 1).  At the time the Pro Se Complaint was filed, Miller was a member of an ongoing class action lawsuit filed by EJI against DOC officials in 2014 entitled *Antonio Cheatham, et al., v. U.S. Commissioner Kim Thomas, et al.,* numbered 4:14-cv-01953-VEH.[3]  The Duke Class Action challenged the conditions at St. Clair and sought injunctive and declaratory relief. (Ex. 5, pp. 1-3).  Miller was a class representative and represented in the Duke Class Action by EJI. (Ex. 2, Miller Depo. p. 15).

5.    Miller was deposed in the Duke Class Action in September 2015 and EJI appeared on behalf of Miller and the other Plaintiffs. (Ex. 6, Miller Depo. in Duke pp. 1-4).  EJI also assisted Miller in filing Answers to Interrogatories in the Duke Class Action in September 2015 (Ex. 7, Excerpt of Pl. Miller's Resp. to Defs.' Interrogs.), and took the depositions of several DOC officials.  As of the filing of the Pro Se Complaint with EJI assistance, EJI had been representing Miller for almost

---

[3] This class action will hereafter be referred to as the "Duke Class Action" for the current lead named plaintiff.

two and a half years in connection with claims he had related to his incarceration at St. Clair.

6.      In his deposition in this case, Miller testified that EJI sent him the Pro Se Complaint on January 27, 2017 and assisted with the filing. (Ex. 2, Miller Depo. pp. 114-115).  Miller testified that he did not type any of the information in the Pro Se Complaint and when asked whether EJI typed the information in the form, Miller responded "I guess. I would say so." (Id. p. 117). The Pro Se Complaint was presented to Miller to review for accuracy after the information in the Pro Se form had already been typed. (Id. p. 125). Miller reaffirmed that he did not know who typed Exhibit B to the Pro Se Complaint but it was not him. (Id. pp. 123-124).

7.      When asked how the Pro Se Complaint was filed, Miller testified that once it was filled out, he gave it to EJI and they went over it with him to make sure he understood everything. (Id. at 125).  He did not remember depositing the Pro Se Complaint in the prison mail system. (Id. p. 134).  Miller stated that after he reviewed it for accuracy he returned the Pro Se Complaint to EJI by hand as opposed to mailing it to them. (Id. p. 222).  Aside from having reviewed and signed the Pro Se Complaint, Miller did not have any other involvement in the filing of the present lawsuit. (Id. pp. 133-134, 223). He is unaware of how this lawsuit got filed. (Id.).

8.      Subsequent to the Pro Se Complaint, by and through his current attorneys of record, Miller filed a First Amended Complaint on March 28, 2017.

(Doc. 11 and Ex. 8). The First Amended Complaint alleges ten counts comprised of Federal and State law claims against more than two dozen current and former DOC representatives. (Id.). The First Amended Complaint added additional claims based on the First Amendment and State law, seventeen specifically named Defendants, five categories of unknown defendants, and the State of Alabama. (Id.).

9. Several Defendants added to this lawsuit by the First Amended Complaint were defendants previously named by EJI in the Duke Class Action in 2014: Kim Thomas, Greg Lovelace, Terrance McDonnell, Grant Culliver, Carter Davenport and Carl Sanders. (Ex. 5, pp. 1-6). The Duke Class Action Complaint previously made very specific allegations against Defendants Thomas, Davenport, Sanders, Lovelace, Culliver and McDonnell. (Id. pp. 4-10; 26-27). In addition to the specifically named Commissioners and security personnel, Plaintiffs in the Duke Class Action Complaint also made allegations about "'Defendants' lack of risk assessment and classification system" (Id. p. 25 and 38), including an entire section to criticisms of the DOC housing and Classification system. (pp. 25-31). Also, in his Answers to Interrogatories in the Duke Class Action in 2015, Miller complained about the classification of inmates at St. Clair. (Ex. 7 #11 at pl. 18; #13 at pl. 22). Regardless, the Pro Se Complaint filed in 2017 asserted no claims against Thomas, Lovelace, Culliver, Davenport, Sanders or any Classification personnel, including

Defendants Neketris Estelle, Tanya Avery, Phillip Cox, or Brittany Stallworth, all of whom were added by the Amended Complaint.

10.     In the Duke Class Action, EJI took the deposition of the following DOC officials between December 2015 and July 2016 who are also Defendants named in this lawsuit: Defendants Carter, Culliver, Estes, Evans, Lovelace, Malone, Gordy, and Estelle. Again, Miller did not name Defendants Culliver, Estes, Lovelace, and Estelle in the Pro Se Complaint. In Miller's Interrogatory Answers in the Duke Class Action, he referenced a number of DOC representatives, including Defendants Dunn, McDonnel, Lovelace, Culliver, and Estes, who were not named in Plaintiff's Pro Se Complaint. Miller also made allegations about "Assistant Warden Defendants" and "Captain Defendants" (Ex. 5 #26 at p. 73) but did not name Culliver, Wardens Davenport and Estes or Captain Sanders in the Pro Se Complaint.

11.     In his 2015 Answers to Interrogatories in the Duke Class Action, Miller complained  that Defendants failed to investigate claims of sexual abuse and harassment, did not properly handle evidence, interview witnesses, etc., and that the DOC Investigations and Intelligence Division ("I&I") failed to inform inmates of investigations. (Id. # 47 at p. 104)  Yet, it was only in the Amended Complaint that Miller first asserted any claim in this lawsuit against any I&I personnel such as Defendants Ed Sasser, Arnaldo Mercado, and Eric Bascomb, based on the matters he complained of in his Answers to Interrogatories on September 2015,

7

approximately a year and a half before the filing of the Pro Se Complaint.  The Pro Se Complaint asserted no claims against representatives of the I&I.

12.    The Pro Se Complaint asserted claims against the current Commissioner, two wardens, two captains, two lieutenants, and one correctional officer (Ex. 1, Pl. Compl. p. 5, Attach. B), all of whom would be categorized as security personnel.  Despite the information Miller acknowledged about additional claims and Defendants in pleadings and discovery in the Duke Class Action while represented by EJI, no claims were asserted in the Pro Se Complaint against any non-security personnel such as Associate Commissioners, Classification personnel, Inmate Control Systems personnel, or representatives of the I&I Division. (Id.). The duties and responsibilities of such personnel are different than those of security personnel.

## ARGUMENT

### I.    Miller's claims are time barred by the two-year statute of limitations.

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court."  In Section 1983 litigation, state law provides the applicable period for the statute of limitations in accordance with the state's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 236 (1989).  In Alabama, the statute of limitations for personal injury

actions mandates the claim be filed within two years from the cause of action. ALA. CODE §§ 6-2-38(l) & (n) (2015).

Although state law provides the applicable statute of limitations for a claim under Section 1983, federal law governs when such a claim accrues. *Rozar v. Mullins*, 85 F.3d 556, 561-62 (11th Cir. 1996); *see also Wilson v. Garcia*, 471 U.S. 261, 269 (1985) ("Only the length of the limitations period, and the closely related questions of tolling and application, are to be governed by state law."). Generally, a § 1983 claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar*, 85 F.3d at 561-62.

Under this rule, the plaintiff must know or have a reason to know that he has suffered an injury to his constitutional rights or a violation of his civil rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). The plaintiff must also know or have reason to know who or what is responsible for the injury. *Id.*; *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("the standard rule that [accrual occurs] when the plaintiff has a 'complete and present cause of action,' . . . that is when 'the plaintiff can file suit and obtain relief'" (alteration in original) (citations omitted)). Thus, under Section 1983 the statute of limitations begins to run when the plaintiff knows the defendant has performed an act or omission in violation of his constitutional rights.

9

In the present case, because Miller failed to file his claim within the applicable two-year statute of limitations, his claim is time-barred.  Miller's claim rests on an alleged sexual assault that occurred on February 1, 2015. (Ex. 1, p. 5).  Miller's complaint was mailed in an envelope postmarked by the post office in Birmingham on February 1, 2017, (Ex. 4, p. 2), and was not received by the clerk of court until February 3, 2017.  (Ex. 1, p. 1). Miller was assisted in filing the Pro Se Complaint by EJI who had been representing him for two and a half years in the Duke Class Action which was also related to allegations about St. Clair.  Miller's claim was not filed until two years and two days after the alleged cause of action accrued.  Since Miller failed to satisfy the applicable statute of limitations, his lawsuit is barred as a matter of law.

## II.     Miller cannot avail himself to the protections of the prison mailbox rule because he was represented by counsel and failed to comply with the rule's requirements.

Miller's failure to timely file his cause of action is not excused under the "prison mailbox rule."   In *Houston v. Lack*, the Supreme Court extended the traditional "mailbox rule" to establish the "prison mailbox rule," which in some instances excuses *pro se* prisoners who fail to file within the statute of limitations. 487 U.S. 266, 270-71 (1988).  Under the prison mailbox rule, a *pro se* prisoner's court filings are deemed to be filed on the date they are submitted to the prison mail system or prison authorities. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir.

2014).  Procedurally, the rule imposes a presumption that the prisoner submitted the filing to the prison mail system on the date he signed the filing. *Id.*  Accordingly, the opposing party who disputes the presumed submission date has the burden of producing evidence that shows the date the prisoner signed the filing was not the actual date of submission. *Id.*  In *Garvey*, the 11th Circuit extended the rule to apply to pleadings and motions involving § 1983 claims. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).

As a starting point, Miller was not in a DOC prison when the Pro Se Complaint was filed but was instead in the Morgan County Jail.  DOC had no control over the mailing or filing of the Pro Se Complaint.  Moreover, according to his deposition, it was not Miller, but rather his lawyers in a related case, that filed the lawsuit.  While Miller may argue that his late filing should be excused by the prison mailbox rule, the rule does not apply to this case because (1) Miller was represented by counsel in filing the action, and (2) Miller failed to comply with the rule's requirements.

### 1. *Miller was represented by counsel and is a pro se litigant in name only*

While it is undisputed that the prison mailbox rule is intended to benefit true *pro se* prisoners, a circuit split exists in resolving whether the rule applies to prisoners represented by counsel. The Fourth Circuit and the Seventh Circuit extended the rule to include all prisoners, including those represented by counsel. *United States v. Moore*, 24 F.3d 624 (4th Cir. 1994); *United States v. Craig*, 368

F.3d 738, 740 (7th Cir. 2004).  Conversely, the Fifth, Eighth, and Ninth Circuits have limited the rule to only *pro se* prisoners and these circuits have expressly refused to extend the rule to prisoners who are represented by counsel. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (holding the prison mailbox rule does not apply to represented prisoners because they do not face the same challenges as *pro se* prisoners); Nichols v. Bowersox, 172 F.3d 1068, 1074 (8th Cir. 1999) (stating the prison mailbox "appropriately applies only to *pro se* inmates");[4] *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (stating to take advantage of the prison mailbox rule, "the prisoner must be proceeding without assistance of counsel.").

It is clear from Miller's testimony that he received substantial assistance of counsel in the filing of the Pro Se Complaint. Not only did EJI apparently type the information on the form Pro Se Complaint, Miller's lawsuit alleged violations of the Sixth, Eighth, and Fourteenth Amendments. (Ex. 1, Pl. Compl. § II B. p. 3).  In the Pro Se Complaint Miller incorporates by reference in several places the typed statement of claims set forth in Attachment B, which appears to have been typed by EJI.  The Pro Se Complaint set forth the names of the plaintiffs, defendants, the date of filing, and the case number for the Duke Class Action. (Id. at § VIII. B. p. 9). In

---

[4] Nichols was later abrogated by *Riddle v. Kemna*, 523 F.3d 850, 855-56 (8th Cir. 2008), on grounds unrelated to the application of the prison mailbox rule.

a number of respects, it is clear Miller received assistance of counsel in filing the Pro Se Complaint.  Therefore, Miller was not truly acting *pro se* when the original complaint was filed.

While the Eleventh Circuit has apparently not issued a binding opinion applying the prison mailbox rule to inmates represented by counsel, in *United States v. Camilo*, the Court refused to extend the prison mailbox rule to a represented prisoner who "was represented by counsel at all times relevant to the filings." 686 Fed. Appx. 645, 645-46 (11th Cir. 2017).[5]  The court reasoned that a prisoner represented by counsel allows him to file court documents through means other than the prison mail system and the prison mailbox rule "was not intended to help prisoners with counsel." *Id.*  According to *Camillo*, in addition to those formally represented by counsel, the rule does not extend to those that formally file *pro se* but are assisted by counsel such that they are substantively represented by counsel.

Similarly, Miller's failure to file within the statute of limitations set forth in Ala. Code § 6-2-38 is not excused by the prison mailbox rule because Miller was represented by counsel at all times relevant to the preparing and filing of the Pro Se Complaint.  In his April 16, 2018 deposition, Miller admitted EJI assisted him in filing the lawsuit. (Ex. 2, Miller Depo. p. 114).  Further, Miller stated he did not type

---

[5] Under the Eleventh Circuit's Rule 36-2, an unpublished opinion does not constitute binding precedent, but may act as persuasive authority.

the information present on the complaint and he "guess[ed]" the form was filled in

by EJI, his attorneys in the Duke Class Action. (*Id*. at 117).  Clearly, Miller's actions

were inconsistent with a *pro se* plaintiff because he only reviewed the complaint

filled out by EJI attorneys, signed the complaint, and then returned the complaint to

his attorneys to be filed on his behalf.  (*Id*. at 222-23).  By his own admission,

Miller's actual involvement with the drafting and filing of the Pro Se Complaint was

limited at best. (*Id*. at 222).  According to Miller's sworn testimony, he was

represented by counsel at the time who appear to have filled out the form Pro Se

Complaint, typed the attachments, and filed the original lawsuit.

The Eleventh Circuit has previously rejected a litigant's self-proclaimed *pro

se* status in connection with a pleading ghostwritten by counsel.  The court denied

the litigant both the timing and substantive review benefits ordinarily afforded to *pro

se* litigants. *See Coon v. Georgia Pac. Corp.*, 829 F.2d 1563 (11th Cir. 1987).  In

*Coon*, the court noted in dicta that it would not excuse a plaintiff's failure to timely

file a class certification—despite the fact she was *pro se*—because the plaintiff

admitted "she had been advised and assisted by counsel in the preparation of the

complaint." *Id.* at 1565.  The court did not "examine[] the complaint as if it were a

pro se filing," because it was "professional in form." *Id.* at 1569, n.6.  Furthermore,

the court took into consideration the plaintiff's prior attorney-client relationship with

the assisting attorney. *Id.*  The Pro Se Complaint filed on behalf of Miller was also professional in form so the same rationale is applicable to this case.

District Courts in the Eleventh Circuit have also denied litigants the benefits of *pro se* status when faced with cases similar to *Coon*.[6]  For example, the Southern District of Alabama denied a plaintiff *pro se* status, noting

> [the plaintiff] testified in her deposition that she received assistance from an attorney (not her present counsel of record) in preparing the pleading. Indeed, plaintiff's testimony is that in drafting her Complaint, she 'just typed exactly what the unnamed attorney told her to put down . . . Clearly, then, the Complaint was prepared with the assistance of an attorney.

*King v. ADT Sec. Servs.*, 2007 WL 2713212, *1 n. 2 (S.D. Ala. 2007) (alterations omitted) (citations omitted).   In disallowing the plaintiff the safeguards that accompany *pro se* status, the *King* court relied on *Coon*, stating "*Coon* teaches that [the plaintiff] is not entitled to the relaxed standards of *pro se* pleadings because she had assistance of counsel in drafting her Complaint." *Id.* at *13.  Similarly, this court should deny Miller the procedural advantages of *pro se* status because Miller had assistance of counsel in drafting and filing his complaint. *See Pompey v. Lumpkin*,

---

[6] *See generally Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69 (M.D. Fla. 1996) (holding that ghostwriting "taints the legal process, creates disparity between the parties, and would violate Fed. R. Civ. P. 11"); *Fitzhugh v. Topetzas*, 2006 WL 2557921, *1 n.1 (N.D. Ga. 2006) (criticizing the practice of ghostwritten, purportedly *pro se* pleadings); *Curry v. Cty. of Clayton*, 2017 WL 1540988, *5 n.4 (N.D. Ga. 2017) (citing *Somerset*, 168 F.R.D. 69; *Fitzhugh*, 2006 WL 2557921) ("attorney's should not be involved in this case and Plaintiff's filings must be her own work."). *In re Verani*, 2015 WL 6145508, *2 (Bankr. N.D. Ga. 2015) (discouraging the ghostwriting of *pro se* bankruptcy petitions because it is misleading to the court); *In re Ruiz*, 515 B.R. 362, 366 (Bankr. M.D. Fla 2014) (holding a ghostwritten *pro se* bankruptcy petition violated local rules and misled the court).

321 F. Supp. 2d 1254, 1260 (M.D. Ala. 2004) ("Neither is Pompey entitled to extra leniency due to an incarcerated or pro se plaintiff; Pompey did not suffer from such disadvantages or disability. He was . . . represented by the time he filed his complaint.").  In fact, Miller's involvement with his complaint was substantially less than King's, considering Miller apparently did not type *any information* appearing in the Pro Se Complaint. (Ex. 2, Miller Depo. p. 117, 123-25).

Plaintiff admits that his counsel in the Duke Class Action assisted him in the drafting and filing of the Pro Se Complaint.  Since EJI had been representing Miller for approximately two and a half years when the Pro Se Complaint was filed, Miller should not be afforded the protection of the prison mailbox rule and his case should be dismissed for failure to file within the statute of limitations.  In addition to his out of time complaint, Miller failed to comply with the requirements of the prison mailbox rule because according to his testimony, he neither presented his filing to any jail or prison staff, nor did he use their mailing system.

2. *Miller failed to comply with the prison mailbox rule's requirements*

Furthermore, Miller cannot avail himself to the protections of the prison mailbox rule because Miller did not comply with rule's requirements.  Specifically, the rule is intended to protect inmates that submit pleadings to the prison mail system or prison authorities. *See U.S. v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on

16

the date it is delivered to prison authorities for mailing." (citation omitted)); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  In his deposition, Miller testified that he did not turn the complaint into the prison mail system or to prison authorities, but rather returned the complaint to his EJI attorneys. (Ex. 2, Miller Depo. p. 222-23).  Miller's deposition testimony is supported by the postmark on the envelope in which the Pro Se Complaint's was mailed in Birmingham. (Ex. 4, p. 2). Such a postmark is inconsistent with Miller's incarceration at the Morgan County Jail on the day in question. All Morgan County Jail mail is delivered to the Decatur, Alabama Post Office. (Ex. 9, Aff. Re. Morgan Cty. Jail Mailing Procedures).  The lawsuit was not filed in the jail or prison mailbox so the mailbox rule does not apply.

In *Garvey v. Vaughn*, the Eleventh Circuit noted prison litigants face "'unique disadvantages" because they cannot personally file or "utilize a private express carrier." 993 F.2d at 780.  However, unlike typical *pro se* inmates the prison mailbox rule was intended to benefit, Miller suffered from no such disadvantages.  Miller "was not limited to communicating with the court through the prison staff and the postal service." *Camilo*, 686 Fed. App'x at 646; *see also Pompey*, 321 F. Supp. at 1260.  Rather, he had the assistance of counsel who had represented him for two and a half years in another related lawsuit with knowledge of the facts related to his alleged harm.  Therefore, the prison mailbox rule does not apply to this case and Plaintiff's lawsuit should be dismissed.

### III.   Plaintiff's Amended Complaint is time barred.

For the same reasons that Plaintiff's Pro Se Complaint is barred by the statute of limitations and due to be dismissed, the same arguments apply towards the Amended Complaint. However, there are additional grounds that support the dismissal of the Amended Complaint.  First, if the Pro Se Complaint was untimely filed as Defendants contend, there is nothing to which the Amended Complaint can relate back. Also, the Amended Complaint was filed March 28, 2017 (Ex. 8), which was more than six weeks after the statute of limitations ran on Plaintiff's claims. The Amended Complaint added 17 additional defendants to the Pro Se Complaint, several of whom were defendants in the Duke Class Action filed in 2014.  The Amended Complaint also added completely different claims, some of which were referenced in the 2014 Class Action Complaint and in Miller's Answers to Interrogatories in 2015.  Plaintiff has offered no explanation for why the additional claims and the additional Defendants were not part of the Pro Se Complaint originally filed in this case.

In Miller's deposition he was asked about Officers Hale and Ingram that were added as defendants in the Amended Complaint and why they were not named in the original lawsuit.  Miller did not seem to know the answer but stated "I remember mentioning their names when I talked to EJI." (Ex. 2, Miller Depo. p. 221).  Not only were the additional Defendants named as defendants in the Duke Class

Action—which was still pending in 2014—but some of the additional Defendants added in the Amended Complaint were even deposed in that action.

It is clear from the pleadings, discovery, and other filings by Miller and EJI in the Duke Class Action that Miller and/or EJI knew the identity of some or all of the additional DOC Defendants and claims long before the filing of the Amended Complaint. At the very least, EJI knew of the identity and positions of Defendants Thomas, Lovelace, McDonnell, Davenport, Culliver, Sanders, Hale, Ingram, and Estes.  The Plaintiff's Amended Complaint offered no justification for their out of time addition to this lawsuit.  Likewise, there are no claims in the Pro Se Complaint made against non-security personnel at St. Clair and therefore any such claims added by the First Amended Complaint against Associate Commissioners, Classification personnel, Inmate Control Systems personnel, or representatives of the I&I Division would not arise out of the same facts, transactions and occurrences asserted in the Pro Se Complaint and therefore would not relate back. Based on the Class Action Complaint and Miller's Answers to Interrogatories, Miller and EJI had long been aware of potential claims Miller had in connection with the Classification system and I&I Division that Miller belatedly tried to add to this lawsuit in the Amended Complaint filed years later.

Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court.  "An amendment of a pleading relates back to the date

of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the action." FED. R. CIV. P. 15(c)(1).  Thus, Federal Rule of Civil Procedure 15(c)(1) incorporates the relation-back rules of the law of a state when that state's law provides the applicable statute of limitations. *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 962-63 (11th Cir. 2001).  As a result, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c) even if the amendment would not relate back under the federal law. *Id.* at 963. However, this assumes a valid, timely original complaint to relate back to.

While Federal Courts do not allow fictitious party practice, Alabama state rules do and case law on fictitious defendants in Alabama is persuasive. Many of the cases dealing with relation back in Alabama involve cases where fictitious pleading was used. However, the rational in many of those cases applies to this case as well.

In order to invoke the relation-back principle of ALA. R. CIV. P. 15(c) and ALA. R. CIV. P. 9 under a fictitious named party theory, a plaintiff "(1) must state a cause of action against the party named fictitiously in the body of the original complaint and (2) must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the filing that the later-named party was in fact the party intended to be sued." *Crawford v. Sundback*, 678 So. 2d 1057, 1059 (Ala. 1996).

20

> A plaintiff is ignorant of the identity of a fictitiously named defendant when, *after exercising due diligence to ascertain the identity of the party* intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued. Likewise, to invoke the relation-back principle of <u>Rule 15(c)</u>, a plaintiff, after filing suit, *must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendant* and to amend her complaint accordingly.

*Ex parte FMC Corp.*, 599 So. 2d 592, 593-94 (Ala. 1992) (emphasis added).

Applying that rationale in this case, in his Pro Se Complaint Plaintiff failed to plead claims against any of the additional 17 Defendants added by the Amended Complaint. Neither has Plaintiff made any claim of a change of party pursuant to FED. R. CIV. P. 15(c)(1)(C). Furthermore, Plaintiff has not and cannot explain how, after exercising due diligence, neither he nor his attorneys already knew, or were incapable of learning the name of the additional Defendants and additional claims added by the Amended Complaint. *See Pompey*, 321 F. Supp. 2d at 1260 ("The name of the warden at the time [the plaintiff] was incarcerated was not information available only to the defendants . . . [the plaintiff] or his attorney could have discovered it without assistance"). Nothing in the Amended Complaint states that Plaintiff did not in fact already know or could not find out the names of the additional Defendants.

Even if Miller might argue he did not know the identity of a small handful of the additional Defendants previously, he and his attorneys were clearly aware of

facts that put them on notice of the claims and the need to identify all potential defendants related thereto before passage of the statute of limitation. The Duke Class Action complaint was filed in 2014 and Miller's Interrogatory Answers submitted in 2015. Therefore, by waiting until March 2017 to raise for the first time the additional claims and parties who were not named in the original complaint but alluded to years earlier in the Duke Class Action in which Miller was a class representative and represented by EJI, those claims are barred by the statute of limitations. Plaintiff cannot demonstrate why the latter added claims or parties relate back, assuming there is even a valid complaint to relate back to.

Plaintiff has not pled that the claims added in the Amended Complaint arise out of the same facts or the same time frames as those asserted in the original complaint. There are no claims under State law in the Pro Se Complaint nor are there claims against non-security personnel or issues related to Classifications on investigations. However, in the Amended Complaint, Miller for the first time alleged in this case additional causes of action against DOC employees unrelated to security personnel, such as those related to investigations and classification personnel. These claims cannot arise out of the same conduct or transaction as the Pro Se Complaint, because the jobs and responsibilities of the additional Defendants are different from security personnel. Similarly, claims against the Associate Commissioners added by the Amended Complaint should not relate back.

22

Therefore, summary judgment is appropriate for the additional defendants added in the Amended Complaint for failure to file a cause of action within the statute of limitations. *See Miller v. Norwood Clinic, PC*, 577 So.2d 860, 865 (Ala. 1991) (denying amendment where facts where available to the plaintiff to discover the correct defendants). Additionally, summary judgment is appropriate for *all Defendants* for the additional claims added in the Amended Complaint.

Further review of fictitious party practice in Alabama is persuasive authority for denying Miller's additional causes of action against *all* Defendants. In *Harmon v. Blackwood*, the Supreme Court of Alabama reversed a trial court's order permitting a plaintiff to substitute a fictitiously pled party. 623 So.2d 726, 727 (Ala. 1993). The court held the statute of limitations barred the substitution stating, "Rule 9(h) does not . . . excuse the plaintiff's ignorance of a cause of action against the fictitiously named defendant; it only excuses, under certain circumstances, the ignorance of the name of the party against whom the plaintiff has a cause of action." *Id*. (citations omitted). The court added "[a] contrary rule would emasculate the statute of limitations." *Id.* (internal quotations omitted) (citations omitted).

Indeed, it is not the purpose of relation back to allow plaintiffs to assert new and different claims, but rather to permit plaintiffs to add defendants that could not be ascertained when the complaint was initially filed. *Id*.; *Catrett v. Baldwin Cty. Elec. Membership Corp.*, 996 So.2d 196, 201 (Ala. 2008) ("where the plaintiff, in

23

an amendment filed beyond the statute of limitations period, alleges facts that were not alleged in the original complaint or attempts to state a cause of action that was not stated in the original complaint, the amendment is time barred."); *see generally Columbia Eng'g Int'l, Ltd. v. Espey*, 429 So.2d 955, 960 (Ala. 1983) ("Rule 9(h) was not meant to excuse ignorance of the identity of a cause of action"); *Pearson v. Brooks*, 883 So. 2d 185, 187 (Ala. 2003) (dismissing the plaintiff's complaint against two defendants that were not initially pled because "Pearson knew the names of the two men but she was not aware of any facts that would support a claim against them."); *Browning v. City of Gadsden*, 359 So.2d 361 (Ala. 1978); *but see Money v. Willings Detroit Diesel, Inc.*, 551 So.2d 926, 928 (Ala. 1989).  Thus, Miller has no basis to claim the additional causes of action relate back.

Plaintiff counsel will likely rely on the relation back rule set forth in Federal Rule of Civil Procedure 15(c) and argue the claims in the Amended Complaint arise out of at least some of the conduct, transactions, or occurrences set out in the Pro Se Complaint.  However, as shown above, the Amended Complaint asserts additional claims not asserted in the Pro Se Complaint, including state law claims.  Plaintiff's Pro Se Complaint alleges a cause of action under 42 U.S.C. § 1983 for alleged violations of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  The First Amended Complaint seeks to add an additional federal claim based in part on the First Amendment (Count III) and four state law claims (Counts

IIII-X).  None of the claims were asserted in the Pro Se Complaint.

The First Amended Complaint also seeks to add claims against the former commissioner, DOC classification personnel, associate commissioners, and different wardens who served at St. Clair as such as different times.  These additional claims either arise out of conduct unrelated to that pled in the Pro Se Complaint or not arising at the same time or out of the same acts or omissions.  Indeed, the basis of the claims' conduct is different for security personnel—as pled in the initial complaint—than for classification personnel or any supervisor authority. *See Prior v. Cancer Surgery of Mobile, P.C.*, 959 So.2d 1092, 1097 (stating the plaintiff was not entitled to add a *separate claim* that was unrelated to conduct giving rise to the initial claim).  Miller cannot deny that at the time of filing the Pro Sec Complaint he had long know the identity of his classification representative and that a representative of I&I had investigated the alleged assault in 2015.  There were no allegations asserted in the Pro Se Complaint alleging these new claims added by the First Amended Complaint, which was not filed until after the statute of limitations had expired.  Therefore, like *Catrett* this Court should grant summary judgment in favor of the Defendants based on Miller's failure to timely file his claims.

## CONCLUSION

Defendants are entitled to summary judgment on all of Miller's claims because they are time barred by the statute of limitations, and Miller's failure to file

within the statute of limitations cannot be excused.  Miller is not entitled to the protections of the prison mailbox rule because he was represented by counsel when the Pro Se Complaint was filed and because Miller failed to deposit the complaint into the prison mailbox.  In addition, this court should similarly grant summary judgment in favor of the Defendants because Miller did not file the First Amended Complaint until well after the statute of limitations expired.  Plaintiff knew or should have known of the additional claims and Defendants long before the filing of Plaintiffs original complaint. Plaintiff's failure to timely file should not be excused. Therefore, summary judgment should be entered in favor of the Defendants on all Miller's claims as a matter of law.

In the alternative, the claims and unnamed Defendants of which Miller and EJI were clearly aware (or should have been aware) long before filing of the Pro Se Complaint should be dismissed.  At the very least, Plaintiff's claims against Defendants Thomas, Lovelace, McDonnell, Culliver, Sanders, Classification personnel (Tanya Avery, Phillip Cox and Brittany Stallworth), I&I personnel (Ed Sasser, Arnaldo Mercado and Eric Bascomb), as well as the State of Alabama should be dismissed.  Likewise, all claims based on the First Amendment, State law or related to classifications or investigations by I&I should be dismissed.  Plaintiff has offered no justification for his failure to assert any of these claims before passage of the statute of limitations and are now time barred.

26

*/s/ Robert F. Northcutt*
**ROBERT F. NORTHCUTT (ASB-9358-T79R)**
**W. ALLEN SHEEHAN (ASB-7274-L69S)**
**C. RICHARD HILL (ASB-0773-L72C)**
*Counsel for Defendants*

**CAPELL & HOWARD, P.C.**
Post Office Box 2069
Montgomery, AL 36102-2069
Email: Bob.Northcutt@chlaw.com
        Allen.Sheehan@chlaw.com
        Rick.Hill@chlaw.com

*/s/ Bart G. Harmon*
**Bart G. Harmon (ASB-4157-R61B)**
*Counsel for Defendants*

**Alabama Department of Corrections**
Legal Division
PO Box 301501
Montgomery, AL 36130-1501
Bart.Harmon@doc.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Russell Rourke Ainsworth
Ruth Zemel Brown
Theresa Kleinhaus
Sarah Grady
Roshan Bala Keen
Rachel Brady
**LOEVY & LEOVY**
311 N. Aberdeen Third Floor
Chicago, IL 60607

Henry F. Sherrod, III
**HENRY F. SHERROD, III, P.C.**
119 South Court Street
P.O. Box 606
Florence, AL  35631-0606


                                        */s/ Robert F. Northcutt*
                                        Of Counsel