## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOHN MILLER | ) Case Nos. | 4:17-cv-00180-LCB-JEO |
| MICHAEL MCGREGOR | ) | 4:17-cv-00593-LCB-JEO |
| MICHAEL TOWNSEL | ) | 4:17-cv-00516-LCB-JEO |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Consolidated for Discovery |
| v. | ) | Before Magistrate Judge Ott |
| | ) | |
| KIM THOMAS, et al., | ) | |
| Defendants. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF
## JOINT MOTION TO COMPEL DOCUMENTS AND FOR
## LEAVE TO REOPEN DEPOSITION OF DEFENDANT JEFFERSON DUNN

Plaintiffs John Miller, Michael McGregor, and Michael Townsel, by and through their attorneys, hereby reply in support of their Motion to Compel Documents and for Leave to Reopen Deposition of Defendant Jefferson Dunn:

### INTRODUCTION

Defendants withheld from Plaintiffs documents and information that may show that Defendant Culliver had engaged in prolonged sexual misconduct and other serious violations for a period of years; that complaints against him were known back in 2015, resulting in his demotion by Interim Commissioner Sharp; that multiple investigations were made into his misconduct, including investigations by the ADOC Office of Inspector General and the Attorney General;[1] and that Commissioner Dunn knew about complaints against Culliver; that Dunn nonetheless promoted him, placed him in charge

---

[1] Defendants refer to the Attorney General investigation as "ongoing," but it appears to have been concluded; Defendant Culliver was already presented with the investigative findings and retired in response. *See* Pls.' Mtn. to Compel at 6, 7.

of prevention of sexual assault for the Department, and delegated to him the task of investigating the matter of Plaintiffs Townsel and Miller being housed alongside their rapists in segregation at St. Clair, when it was brought to Dunn's attention by letter from Equal Justice Initiative attorneys. At a minimum, the single document that Defendants have produced to date regarding Culliver's misconduct or complaints against him

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████

Plaintiffs have been severely prejudiced by Defendants' failure to disclose this matter until Plaintiffs independently learned about it from media reports shortly before the end of discovery. Plaintiffs have been deprived of the opportunity to question Defendants about this misconduct and their knowledge of it; to confront Defendants with documents regarding the same; to discover and depose other witnesses with knowledge of such matters; and to seek follow-up discovery such as emails and other records regarding the same. To rectify this prejudice, this Court should compel the document supplements, interrogatory responses, and deposition testimony that Plaintiffs seek in their motion to compel. Defendants' countervailing proposal does nothing to ameliorate prejudice to Plaintiffs, allows Defendants to benefit from their discovery violations, and serves only to delay the case without any proper basis.

2

**DISCUSSION**

**I.     Defendants Concede That They Withheld Without Notice Documents and Information That They Had Previously Agreed to Produce.**

As Defendants concede, documents and information regarding complaints against Culliver and investigations into his misconduct were responsive to Plaintiff's discovery requests. Pls.' Mtn. to Compel at 8-12. As Defendants concede, they agreed to produce all such documents and information and to timely supplement their responses. *Id.* As Defendants concede, Plaintiffs only recently learned about complaints against and misconduct by Culliver from the press, and not from the discovery responses or depositions of any Defendant. *Id.* As Defendants concede, they never provided to Plaintiffs a privilege log or any notice that they were withholding responsive documents and information pursuant to state statutes (nor have Defendants produced such a log as of the date of this filing). *Id.* at 15-16.

Defendants' response provides a series of vague excuses for why the production did not occur prior to Plaintiffs belatedly learning in the press of some of the misconduct committed by Defendant Culliver—the full extent of which remains unknown to Plaintiffs. Yet whether defense counsel acted in good faith is not the issue here; what matters is that Defendants had a discovery obligation that agreed to comply with; Defendants represented that they had complied with that obligation; Defendants admittedly failed to fulfill that obligation; Plaintiffs learned about the failures only recently, through the press, rather than through Defendants; and Defendants' conduct severely impaired Plaintiffs' ability to conduct discovery on the matter.

It is of little consequence which defense attorney knew of the existence of which document at which time, or whether some Defendants did not have knowledge of the matter because it was treated confidentially within the Department. As Defendants do not deny, as the commissioner of the Department of Corrections, at the very least, Defendant Dunn had possession, custody, or control of pertinent records; knowledge of the matter of Culliver's misconduct and complaints against Culliver; and an obligation to conduct a reasonable investigation to ensure production of responsive records—which Defendants had already agreed to produce and represented that they had produced. Pls.' Mtn. to Compel at 8-12. Defendant Culliver, too, had knowledge of the matter; possession, custody, or control of at least some of the pertinent records; and an obligation to disclose complaints against him in an interrogatory, as he had agreed to do. *See id.* Defendants, through their counsel, represented that they would produce complaints and investigations against the Defendants and complete personnel and employment records, represented that they had done so, and admittedly did not do so.

## II.   Defendants Concede that the Improperly Withheld Information Is Relevant to the Litigation.

Defendants decline to respond to Plaintiffs' detailed arguments identifying five different reasons that the materials sought are relevant to the litigation. Pls.' Mtn. to Compel at 12-15. Instead, they concede the relevance of the information. Defs.' Resp. to Mtn. to Compel at 15 ("Defendants have not objected to the requested production based on relevance."). Thus, whether coercing sex from vulnerable subordinate employees upon threat of transfers constitutes sexual assault, as Plaintiffs believe, or mere sexual

4

"impropriety" or "affairs," as Defendants minimize the misconduct, is beside the point. Nor does it matter if Defendant Culliver directed his sexual misconduct at female subordinates and not male inmates.

Either way, evidence that Defendant Culliver coerced sex from subordinates and retaliated against those that rejected his advances is indisputably relevant in cases alleging deliberate indifference to sexual assault and retaliation. Plaintiffs Miller and Townsel allege that Culliver did nothing to protect them from sexual assaults even though he was aware of a substantial risk of harm to them, and that Culliver did nothing to protect them from being housed alongside their rapists without sight and sound separation, where they faced ongoing threats and harassment, even though the matter had been brought to his attention in a letter from the Equal Justice Initiative and Defendant Dunn, who had expressly delegated the matter to Culliver. Thus, as Defendants concede, Culliver's as-yet-unknown misconduct and Dunn's knowledge of that misconduct bears on such matters as their deliberate indifference to Plaintiffs' rapes, their defenses, the truthfulness of their sworn interrogatory responses, their states of mind, and the appropriateness of punitive damages. Pls.' Mtn. to Compel at 12-15.

### III.   Defendants Waived Any Entitlement to Withhold Information about Defendant Culliver's Misconduct.

As Plaintiffs argued in their opening brief and Defendants fail to rebut, Defendants waived any entitlement to withhold documents and information from this federal lawsuit based on Alabama Code §§ 12-16-216, 36-25-4.1, 36-25-4(c), or 12-21-3.1(b), by withholding production of pertinent documents until Plaintiffs independently learned of

the matter in the press, and by failing to provide a privilege log for withheld materials, despite multiple requests. Fed. R. Civ. P. 26(b)(5)(A). Defendants do not respond to this argument and have still not provided any privilege log as of the filing date of this reply brief.

### IV. Even Absent Waiver, State Law Insulating Ethics Commission Proceedings Provides No Basis to Withhold Materials Outside of those Proceedings from this Federal Lawsuit.

Defendants' citation to a host of inapplicable state statutes does not aid their argument that the materials can be withheld in a federal civil rights action until the end of the Ethics Commission review. Alabama Code § 12-16-216 applies only to grand jury proceedings and therefore has no application here. As Defendants fail to rebut, Alabama Code §§ 36-25-4.1 and 36-25-4(c) insulate from disclosure only complaints made to the Ethics Commission, proceedings before the Ethics Commission, and information and evidence supplied by the Ethics Commission to the Attorney General or district attorney—not complaints made internally to ADOC, investigations by the ADOC inspector general, underlying records of misconduct, or communications about such matters. Defendants do not cite a single case suggesting that these three statutes having the meaning they attribute to them.

Contrary to Defendants' argument, these three statutes afford Defendants no constitutional or any other right to avoid questions about matters that fall outside the scope of the statutes, such as underlying complaints against Culliver, misconduct by

Culliver, internal ADOC investigations into Culliver such as that by the ADOC Inspector General, and knowledge of Culliver's misconduct.[2]

Moreover, as Defendants concede, none of these statutes had any applicability to records and information about Culliver's misconduct until, at the earliest, Defendant Dunn's November 2018 referral of a completed investigation by the Attorney General's office to the Ethics Commission. Long before that time, Defendants had agreed to produce the records. ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ Defendants fail to explain how Defendant Dunn can properly shield from discovery in federal court materials within his possession, custody, and control, that were admittedly subject to disclosure at the time that his discovery responses were due, and for many months thereafter during which he had an obligation to timely supplement his responses, based on his *own decision* to forward the completed investigation to the Ethics Commission, where it would be purportedly shielded from review pursuant to state statute.

---

[2] If Defendant Culliver committed criminal misconduct for which he is at risk of prosecution, he may have an entitlement to invoke the Fifth Amendment of the federal Constitution in response to questions about criminal misconduct; such an entitlement does not insulate him from questioning on that topic to which he may choose to plead the Fifth.

For its part, Alabama Code § 12-21-3.1(b) provides a conditional state law privilege inapplicable in federal court. *See* Ala. Code § 12-21-3.1(c); *see generally Griffin v. Beasley*, No. 2:12-CV-196-WHA, 2012 WL 2339779, at *7 (M.D. Ala. June 19, 2012). Defendants cannot properly invoke this privilege without having timely produced a privilege log of withheld materials. Fed. R. Civ. P. 26(b)(5)(A). Even under state law, the privilege is to be construed narrowly and does not apply to incident reports and other similar documents. *Allen v. Barksdale*, 32 So. 3d 1264 (Ala. 2009). And this Court has discretion to independently allow production pursuant to Alabama Code § 12-21-3.1(c), which squarely applies here. Plaintiffs will suffer undue hardship in the litigation without access to such records because they will be denied critical evidence relevant in at least five important ways to Plaintiffs' claims and Defendants' defenses. *See* Pls.' Mtn. to Compel at 12-15. Plaintiffs have no other way to identify the nature of and witnesses to Culliver's misconduct; this is true not only because information about prison matters is generally shielded from the public eye by nature of its isolated and secure location, but also because Defendants refuse to disclose the nature of Culliver's misconduct or the identities of any witnesses to it. Plaintiffs are unable to investigate the matter on their own and so it qualifies for disclosure pursuant to Alabama Code § 12-21-3.1(c).

## V.      Defendants' Discovery Violations Caused Plaintiffs Severe Prejudice that Their Proposed Solution Does Not Cure.

Plaintiffs have been severely prejudiced by Defendants' failure to disclose this matter until Plaintiffs independently learned about it from media reports shortly before

the end of discovery. Plaintiffs have been deprived of the opportunity to question nearly all of the Defendants about this misconduct and their knowledge of it; to confront Defendants with documents regarding the same; to discover and depose other witnesses with knowledge of such matters; and to seek follow-up discovery such as emails and other records regarding the same.

Defendants' proposed remedy to their discovery violations is highly prejudicial to Plaintiffs and rewards Defendants for their own misconduct. Defendants' proposal requires Plaintiffs to delay receipt of documents and information and questioning of Defendant Culliver about the matter until an unknown time after the conclusion of the Ethics Commission review and likely the end of facto discovery. At that time, Plaintiffs would be unable to conduct any follow-up discovery, such as to issue additional document requests, seek production of emails or other pertinent communications, or identify and depose witnesses with knowledge of Defendant Culliver's misconduct and Defendant Dunn's knowledge of that misconduct. Defendants' proposal of two separate depositions of Culliver does nothing to cure any of these problems and is itself likely to generate disputes between the parties about what questions are permissible in which deposition—and of course, Defendants reserve the right to challenge Plaintiffs' entitlement to the pertinent discovery after the Ethics Commission concludes its review. Defendants are also not able to give Plaintiffs any assurance on the timeline of the Ethics Commission review initiated by Defendant Dunn, and thus Defendants' proposal will require Plaintiffs to delay resolution of their cases and receipt of compensation for their injuries. The passage of time, in addition, makes it harder for Plaintiffs to meet their

burden of proof, given the likelihood of memories fading and pertinent records getting lost or otherwise going missing. In short, Defendants' proposal will have the effect of rewarding Defendants for concealing the matter by denying Plaintiffs any opportunity to conduct meaningful follow-up discovery and delaying resolution of Plaintiffs' claims.

## VI.     Plaintiffs Are Not to Blame for Defendants' Discovery Violations.

This Court should reject out of hand Defendants' predictable efforts to blame Plaintiffs for Defendants' improper withholding of information.

Particularly problematic is Defendants' criticism of Plaintiffs for relying on news reports; Defendants have *forced* Plaintiffs to rely on such reports by failing to disclose the documents and information sought in this motion to compel. Plaintiffs do not wish to conduct discovery through news reports; instead, Plaintiffs seek production of underlying records and testimony that Defendants continue to withhold. Tellingly, Defendants do not deny that Defendant Culliver engaged in the misconduct identified in news reports. And any vague insinuation that the news reports are untrue ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

Defendants' finger-pointing regarding Plaintiffs' proper discovery supplements is also a non-starter. Plaintiffs have properly and timely supplemented Rule 26(a)(1)

disclosures to add several third-party witnesses on which Plaintiffs may rely, as is required during the course of discovery, well within the time for supplementation and an opportunity for Defendants to depose witnesses. Defendants have not shown otherwise, nor could they.

This Court should likewise reject Defendants' suggestion that their noncompliance with their discovery obligations is somehow excused because Plaintiffs learned through depositions of a very different matter: that Culliver had a brief job assignment change in 2015, in which he was transferred from the associate commissioner of operations position to the role of institutional coordinator, before being reinstated to the associate commissioner of operations role within a period of a few months. Defendants point to testimony by Culliver, when asked about the 2015 job change in a previous deposition by different attorneys, stating: "The incoming Commissioner, I was still on probationary status when the new Commissioner was announced. He chose to vacate that position, re-evaluate it." Defs.' Resp. to Mtn. to Compel, Exh. 1, at 42:18-23. This back-and-forth prompted no questions from that attorney, nor is there any reason that Plaintiffs should have understood from it that Culliver may have been facing complaints of sexual assault and other serious misconduct at the time and demoted for that reason by Interim Commissioner Billy Sharp—particularly, when Defendants had assured Plaintiffs that they had already produced all pertinent complaints and employment, disciplinary, and personnel records involving Culliver. Pls.' Mtn. to Compel at 8-12.

Nor does any of the other deposition testimony relied upon by Defendants excuse their violations. Plaintiffs asked Defendant Greg Lovelace questions about Culliver's

truthfulness to confirm Culliver's statements in a particular July 2013 email about broken locks at St. Clair; Lovelace testified in response that he had worked with Culliver, knew him to be truthful, and, at the time of his deposition, did not "have any reason to doubt" his veracity in that email. Defs.' Resp., Exh. 3, at 101:24-102:19. These questions have no bearing whatsoever on this motion.

Defendant Estes merely testified in October 2018 that Culliver was on administrative leave for a reason unknown to him. Defs.' Resp., Exh.2. And at the time of Estes's testimony, Defendants, through their discovery responses and assurances that they had produced all pertinent records, had created the misleading impression that if Culliver had been placed on administrative leave for any misconduct, that misconduct was isolated and very recent (Pls.' Mtn. to Compel at 8-9), and lacked any connection to Culliver's brief job assignment change in 2015, which was also the year in which Plaintiffs experienced assaults and retaliation.

Defendant McDonnell's recent testimony on November 28, 2018—long after Defendant Dunn's deposition—also does not aid Defendants. That Plaintiffs by late November were curious about Culliver's placement on administrative leave does not excuse Defendants' discovery violations. In fact, McDonnell's testimony illustrates the prejudice that Defendants' withholding of documents has worked on Plaintiffs: had Plaintiffs had access to documents revealing that Culliver had engaged in sexual assault and other rule violations, Plaintiffs would have confronted McDonnell with such records and challenged him on his purported lack of knowledge about any misconduct by

Culliver and the confidence he expressed in Culliver. Defs.' Resp. to Mtn. to Compel, Exh. 4, 16:24-17:12.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiffs respectfully seek a Court order requiring the following relief:

## I.     Supplemented Document and Interrogatory Responses.

Plaintiffs request production of all documents related to complaints, allegations, or actual or alleged misconduct by Culliver, including underlying records such as incident reports; communications regarding these matters; documents related to internal and external investigation(s) into the misconduct; and personnel actions regarding any misconduct by Defendant Culliver. Relatedly, Plaintiffs request that Defendant Culliver supplement his interrogatory responses to provide fulsome information about any and all complaints against him and investigations into his conduct, as well as any civil and legal proceedings against him, as defined and requested in Plaintiff's Individualized Interrogatories Nos. 5 and 6.

Defendants concede that these discovery requests appropriately seek relevant, discoverable information that they previously agreed to produce. Defendants also appear to concede that the information will be discoverable after conclusion of the Ethics Review, and they rely only on inapplicable state statutes to continue to withhold the requested information. *See supra* at 5-8. This Court should thus require production within seven days.

13

Plaintiffs also seek an order compelling Defendants to supplement their responses to Plaintiffs' Individualized Interrogatories No. 1 with identification of persons with knowledge of the complaints against Culliver, underlying misconduct, investigations, personnel actions, and communications about the same, as well as the categories of information known by those witnesses, so that Plaintiffs can conduct efficient follow-up discovery. Defendants have provided no explanation for their failure to agree to provide such information, which is necessary to enable follow-up discovery by Plaintiffs regarding Defendant Culliver's misconduct and Defendant Dunn's knowledge of that misconduct.

## II.      Defendant Culliver's Deposition

Plaintiffs further move for this Court to require Defendant Culliver to respond to questions about misconduct and the concluded investigation into his misconduct that resulted in his termination, notwithstanding Defendants' citation to inapplicable state statutes governing grand jury and Ethics Commission proceedings. As Defendants fail to rebut, Defendant Dunn's self-serving referral of a completed Attorney General investigation to the Ethics Commission provides no basis for withholding information highly relevant to federal civil rights violations and Defendants have waived any objections to production. *See supra* at 5-8.

## III.     Reopening of Defendant Dunn's Deposition

This Court should order Defendant Dunn to reappear for a brief deposition of ninety minutes for questioning about Defendant Culliver's misconduct, Dunn's knowledge of that misconduct, Dunn's personnel actions with respect to Culliver, and

14

any potential cover-up by Defendant Dunn. Plaintiffs must also be permitted to inquire about the timing of when Defendant Dunn learned about the complaints against Culliver; Dunn's role in initiating any investigations of Culliver; Defendant Dunn's failure to disclose Culliver's misconduct in discovery in this case before referring a complaint about Culliver to the Ethics Commission; and Dunn's decision to refer Culliver's investigation to the Ethics Commission.

Defendants do not respond to any of Plaintiffs' authority indicating that redeposition is an appropriate remedy where the information sought is relevant and not cumulative, and is particularly appropriate when, as here, a party fails to disclose material facts in time for use at the first deposition. Defendants do not assert, let alone substantiate, any burden to Defendant Dunn from reopening the deposition, nor could they, as Plaintiffs have made clear they seek only questioning up to ninety minutes at a location of Defendant Dunn's choosing on a date of his choosing after the production of relevant documents. Defendants' sole argument in response is to blame Plaintiffs for failing to ask Dunn about sexual misconduct and other complaints against Culliver that Plaintiffs were not aware of at the time due to Defendants' withholding and misleading representations. As Defendant Dunn does not deny, he—and not Plaintiffs—had information about Culliver's misconduct at the time of his deposition. This Court should not reward Defendants' failure to produce responsive records by shielding Dunn from questioning about those records.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully ask this Court to grant Plaintiffs'
motion to compel in full.

RESPECTFULLY SUBMITTED,

**JOHN MILLER**
**MICHAEL MCGREGOR**
**MICHAEL TOWNSEL**


BY:   /s/ Ruth Brown_____
               One of Plaintiffs' Attorneys

Russell Rourke Ainsworth
Roshna Bala Keen
Ruth Zemel Brown
Theresa Kleinhaus
Rachel Brady
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen Third Floor
Chicago, IL 60607
brady@loevy.com


## CERTIFICATE OF SERVICE

     I, Ruth Brown, an attorney, certify that on February 6, 2019, I served the foregoing Plaintiffs' Reply in Support of Joint Motion to Compel upon on all counsel of record via electronic filing.


               /s/ Ruth Brown_____